SEATTLE–FIRST NATIONAL BANK, a national banking association, Plaintiff,

v.

PURITAN INSURANCE COMPANY; American Druggist Insurance Company; and Utah Home Fire Insurance Company, Defendants.

No. C82–850B.

United States District Court, W.D. Washington.

Nov. 25, 1983.

C. Keith Allred and Kathleen Anamosa of Davis, Wright, Todd, Riese & Jones, Seattle, Wash., for plaintiff.

Allan L. MacDougall of Madden, Poliak, MacDougall & Williams, Seattle, Wash., for defendants.

## ORDER

BEEKS, District Judge.

Plaintiff has a preferred ship mortgage on a vessel owned by a nonparty to this action, George McLeod. As protection for its security, plaintiff required that McLeod maintain an insurance policy on subject vessel naming plaintiff as loss payee. McLeod obtained such policy from defendants. On September 1, 1981, during the coverage period of said policy, the subject vessel sank after allision with a reef. Subsequently, said vessel was raised and towed to a shipyard in Anacortes, Washington.

Apparently, McLeod and American International General Agencies, the local agency through which defendant insurance companies operated, reached a settlement whereby McLeod would personally repair the subject vessel and settle with his insurance company for a $61,000 payment. Plaintiff contends that it was not consulted regarding said settlement and refused to negotiate the $61,000 check because plaintiff contends the vessel would not be insurable if the repairs performed by McLeod were not approved by a qualified marine surveyor. On July 12, 1982, plaintiff filed a complaint seeking a declaratory judgment that the mortgagee, who is also the loss payee, must approve an agreement between the mortgagor/assured and his insurers, to repair a mortgaged vessel when the mortgagee is named as the loss payee in the subject policy.

The policy in question contains a provision that is commonly referred to as an "open loss payable clause." Appleman, *Insurance Law and Practice*, § 3401 (1970). A mortgagee under an open clause merely becomes an appointee to receive the funds payable in the event of loss. An open loss payable clause does not, therefore, operate as a separate contract between the mortgagee and the insurer. Rather, the policy remains one between the insurer and assured with the right of collection vested in the mortgagee by appointment. In such circumstances, the court does not consider that the mortgagee has a right to accept or reject a settlement between the insurer and assured.

The subject mortgage requires that the mortgagor procure insurance with a good and responsible insurance company to be approved by the mortgagee. If the assured wishes to proceed in accordance with his agreement with his insurance company and thereby the vessel does indeed become uninsurable, then the mortgagee's remedy is to foreclose in accordance with the mortgage.